Johannes Roberto SINGARA,
Petitioner,

v.

Alberto R. GONZALES[1], Respondent.

No. 04–5830–ag.

United States Court of Appeals,
Second Circuit.

July 26, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Craig A. Oswald, Assistant United States Attorney, Chicago, Illinois, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Johannes Roberto Singara petitions for review of the BIA's October 2004 decision in which the BIA affirmed Immigration Judge ("IJ") Matthew J. D'Angelo's order denying Singara's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering him removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA agrees with the IJ's conclusion without rejecting any of the IJ's grounds 7 for a decision, and emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions—or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005).

Singara claimed that he suffered persecution and discrimination in Indonesia because he is ethnic Chinese and Christian. The IJ reasonably concluded that Singara had failed to establish a nexus between the harms he suffered to one of the protected statutory bases, *i.e.*, race or religion. The IJ based this finding on the following conclusions: Singara was never detained, arrested, interrogated, or tortured by the government; he was issued an identity document which, according to the Department of State Country Report, is difficult for those individuals of Chinese descent and/or of Christian faith to obtain; he taught martial arts to police and members of the Department of Justice; his mother married an Indonesia military official; he was still able to send his children to school in Indonesia, including business, law and dental schools; and he was very active in business organizations in Indonesia.

As correctly observed by the IJ, the assaults alleged by Singara, though dismaying, appear to be separate and apparently random crimes that occurred over the course of approximately three decades, not a concerted course of criminal behavior directed specifically at Petitioner. *See, e.g., Lie v. Ashcroft*, 396 F.3d 530, 536 (3d Cir.2005) (the court upheld BIA determination that the petitioner had not shown a pattern or practice of persecution of Chinese Christians in Indonesia). Further, these crimes were perpetrated by unknown individuals, not government offi-

cials. Persecution can certainly be found when the government, although not itself conducting the persecution, is unable or unwilling to control it, just as Singara had alleged here. *See, e.g., Pavlova v. INS,* 441 F.3d 82, 85 (2d Cir.2006) ("[W]e have never held that direct governmental action is required to make out a claim of persecution. On the contrary, 'it is well established that private acts may be persecution if the government has proved unwilling to control such actions.'") (citing *Ivanishvili v. United States DOJ,* 433 F.3d 332, 342 (2d Cir.2006)). In this case, not only is there no proof that the government was unwilling to control actions alleged by Singara, Singara admitted that government officials intervened when his business was being threatened by local extortionist and eventually made an arrest in the case. Singara further admitted that Government officials arrested and prosecuted the individual responsible for the accident that caused his father's death. Furthermore, although Singara's assailants uttered ethnic slurs during some of the alleged acts, there is insufficient evidence that the robberies and assaults were motivated in any way by Singara's ethnicity or religion. *Lie,* 396 F.3d at 535. Therefore, the IJ's conclusion that Singara had failed to establish persecution based on one of the protected grounds listed in the Act is supported by substantial evidence.

Even if a petitioner demonstrates past persecution, the presumption of future persecution can be rebutted if an IJ finds by a preponderance of the evidence that a petitioner "could avoid a future threat to his or her life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so." 8 C.F.R. 1208.16(b)(1)(i)(B). In order to deny a petition on this ground, the IJ must find that an alien could avoid persecution by relocating to a different part of the country and that relocation is reasonable under the circumstances. 8 C.F.R. 208.13(b)(2)(ii). The IJ noted that, per Singara's own testimony, "he has indicated that he was able to move around the country to avoid Muslim extremist groups." Singara did not present any evidence, either through testimony or documentary support, that would rebut this conclusion. Therefore, the IJ reasonably determined that he could relocate to another part of Indonesia in order to avoid persecution.

As asylum and withholding of deportation "are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding." *Zhou Yun Zhang v. U.S. I.N.S.,* 386 F.3d 66, 71 (2d Cir.2004).

Because Singara's claim for CAT relief is based on the same grounds as his claim for withholding of removal, his failure to meet the standard for withholding of removal precludes him from meeting the standard for CAT relief. *Cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).